**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **STEPHANIE FRAZEE, on behalf of herself and all others similarly situated,** | : | **Case No. 3:26-CV-00079** |
| **Plaintiffs,** | : | **JUDGE ROSE** |
| **v.** | : | |
| **MADRIVER FARM MARKET LLC,** | : | **PLAINTIFF'S AMENDED COMPLAINT** |
| **AND** | : | |
| **R FARM MARKET LLC,** | : | |
| **AND** | : | |
| **MICHELE HESS,** | : | |
| **AND** | : | |
| **SARAH HESS,** | : | |
| **AND** | : | |
| **DONNA OYER,** | : | |
| **AND** | : | |
| **DENNIE OYER,** | : | |
| **Defendants.** | : | |

COMES NOW Plaintiff Stephanie Frazee, on behalf of herself and all others similarly situated, by and through her undersigned legal counsel, and pursuant to Rule 15(a)(2), files her Amended Complaint against Defendants Madriver Farm Market LLC, R Farm Market LLC,

Michele Hess, Sarah Hess, Donna Oyer, and Dennie Oyer (collectively "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1. This is a collective action and class action brought by Plaintiff on behalf of herself and all others similarly situated, to recover unpaid overtime premiums and other wage payments from their current/former employers, Madriver Farm Market LLC, R Farm Market LLC, Michele Hess, Sarah Hess, Donna Oyer, Dennie Oyer, Marcella Rostorfer, and David Rostorfer.

2. Defendants have employed numerous hourly employees who have not been paid the appropriate overtime premiums for the hours they worked.

3. Plaintiff brings this action (1) as an opt-in collective action on behalf of herself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), (2) as an opt-in collective action on behalf of herself and all similarly situated individuals under Ohio Rev. Code §4111.01, *et seq*. pursuant to Article II, §34a, Ohio Constitution, and (3) on behalf of herself and a Rule 23, Federal Rules of Civil Procedure, class of others under Ohio Rev. Code § 4113.15, and § 4113.19.

## PARTIES

4. Plaintiff Stephanie Frazee is a former employee of Defendants.

5. Defendant Madriver Farm Market, LLC was, at all relevant times, an Ohio limited liability company with its principal place of business located in Champaign County, Ohio.

6. Defendants Michele Hess, Sarah Hess, Donna Oyer, and Dennie Oyer are/were, upon information and belief, the owners of Defendant Madriver Farm Market, LLC.

7. Defendants Madriver Farm Market, LLC, Michelle Hess, Sarah Hess, Donna Oyer, and Dennie Oyer are hereinafter referred to as the "Madriver Farm Market Defendants."

8. Defendant R Farm Market LLC is an Ohio limited liability with its principal place of business located in Champaign County, Ohio.

**JURISDICTION AND VENUE**

9. The Court has jurisdiction over Plaintiff's Complaint because their claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

10. The Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same transaction or occurrence and share a common nucleus of operative fact with their federal claims.

11. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred herein and Defendants are otherwise subject to the personal jurisdiction of Ohio and this Court.

**FACTUAL ALLEGATIONS**

12. Defendants are "Employers" within the meaning of the FLSA.

13. Upon information and belief, Defendant Madriver Farm Market LLC is an "enterprise engaged in commerce" under the meaning of the FLSA, and thus subject to the FLSA, because it employs employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce and have a gross volume of sales made or business done in excess of $500,000.

14. Upon information and belief, Defendant R Farm Market LLC is an "enterprise engaged in commerce" under the meaning of the FLSA, and thus subject to the FLSA, because it employs employees who handle, sell, or otherwise work on goods or materials that have

been moved in or produced for commerce and have a gross volume of sales made or business done in excess of $500,000.

15. Wines from outside of Ohio, beer from outside of Ohio, and the processing of payments through the internet are some, but not all, of the goods or materials handled, sold, or worked on by Plaintiff for Defendants.

16. Plaintiff was employed by Defendant Madriver Farm Market LLC for approximately eight years as a server, bartender, and kitchen assistant.

17. Defendants paid Plaintiff an hourly wage of $13.00 per hour, plus tips.

18. Plaintiff regularly worked in excess of forty hours in a workweek.

19. Instead of paying overtime wages for hours worked over forty in a workweek, Defendants compensated Plaintiff using "comp time" in lieu of overtime pay.

20. When Defendants paid out comp time, Defendants compensated Plaintiff at her regular hourly rate, rather than at one and one-half times her regular rate of pay, as required by law.

21. As a result, when Plaintiff worked more than forty hours in a workweek, she was not paid the required overtime premium of one-and-one-half times her regular rate of pay.

22. In addition to failing to pay overtime wages, Defendants improperly deducted wages from Plaintiff's pay.

23. Specifically, whenever items were broken, went missing, or were discarded, Defendants deducted the cost of those items from Plaintiff's paycheck, as well as from the paychecks of other employees.

24. These deductions were made without Plaintiff's knowledge or consent and were not authorized by law.

25. Defendants did not provide Plaintiff or other employees with paystubs or wage statements each week, preventing employees from knowing that these deductions had been taken.

26. As a result, Defendants failed to properly compensate Plaintiff for all wages earned during her employment.

27. Upon information and belief, Defendants maintained these same policies and practices with respect to other similarly situated employees who worked more than forty hours in a workweek and whose wages were subject to improper deductions.

28. Defendants were aware, or should have been aware, that Plaintiff and the putative collective and class members were entitled to payment at time and a half for all overtime hours worked.

29. Upon information and belief, the Madriver Farm Market Defendants operated the Mad River Farm Market, as a restaurant, pub, market and drive-thru until January 2026.

30. Upon information and belief, in or around January 2026, ownership of the Mad River Farm Market was transferred from the Madriver Farm Market Defendants to Defendant R Farm Market.

31. Upon information and belief, Defendant R Farm Market continue to operate the establishment as a restaurant, pub, market, and drive-thru, just like the Madriver Farm Market Defendants.

32. Upon information and belief, Defendant R Farm Market are operating the Mad River Farm Market under the same name, at the same facility, and with the same employees as the Madriver Farm Market Defendants.

33. Upon information and belief, there were no broad changes to job functions, job titles, job responsibilities, and/or supervisors after this transfer.

34. Upon information and belief, Defendant R Farm Market LLC holds and operates under the same liquor permit and/or liquor license previously used by Defendant Madriver Farm Market LLC to conduct alcohol sales at the facility. Upon information and belief, R Farm Market LLC is a continuation of the same business enterprise, holding itself out to the public as the same establishment, without interruption of operations.

35. Upon information and belief, following the change in ownership, Defendant R Farm Market continued the same payroll and compensation practices.

36. Specifically, upon information and belief, Defendant R Farm Market continue to compensate non-exempt employees using "comp time" in lieu of lawful overtime pay for hours worked over forty (40) in a workweek and continue to fail to pay overtime at one and one-half times the regular rate of pay, as required by law.

37. Accordingly, Defendant R Farm Market were aware, or should have been aware, that Plaintiff and the putative collective and class members were entitled to payment at time and a half for all overtime hours worked.

38. Upon information and belief, Defendant R Farm Market also continue to deduct wages from employees' paychecks for breakage, missing items, or discarded property, without employees' knowledge or consent.

39. Upon information and belief, the Madriver Farm Market Defendants are unable to provide the relief sought by Plaintiff and the putative collective and class.

40. By acquiring and continuing the business, and for the reasons alleged in the preceding paragraphs, Defendant R Farm Market are liable under principles of successor liability for the prior wage-and-hour obligations of the predecessor, including unpaid overtime and other wages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

42. Plaintiff files this action on behalf of herself and all other similarly situated individuals for the recovery of unpaid wages, unpaid overtime, and liquidated damages. The proposed FLSA collective is defined as follows:

    All persons who worked for Defendants as hourly employees and were not paid the overtime premium for work performed in the three years preceding this action. ("FLSA Collective").

43. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). The opt-in form is attached hereto.

44. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

45. During the applicable statutory period, Plaintiff and the putative FLSA Collective members often worked without receiving the full overtime premium for their hours worked.

46. Even if Defendants were to pay, or did pay, any of Plaintiff's or the FLSA Collective's wages after the pay date, such late payment still constitutes a violation of the FLSA. *See e.g.*, *Herman v. Fabri-Centers of Am., Inc.*, 308 F.3d 580 (6th Cir. 2002); *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993).

47. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to timely pay their employees overtime when they were fully aware these employees were working. Defendants' conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

48. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective.

49. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## **OHIO COLLECTIVE ACTION ALLEGATIONS**

50. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

51. Plaintiff files this action on behalf of herself and all other similarly situated individuals for the recovery of unpaid overtime wages under Ohio Rev. Code §4111.01, *et seq*. pursuant to Article II, Section 34a of the Ohio Constitution.

52. The proposed Ohio collective is defined as follows:

> All persons who worked for Defendants in the state of Ohio and were not timely paid the appropriate overtime rate for work performed in the three years preceding this action. ("Ohio Collective").

## **OHIO CLASS ACTION ALLEGATIONS**

53. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

54. Plaintiff (the "Ohio Class Representative") brings this action under Ohio Rev. Code § 4113.15, and § 4113.19 pursuant to Rule 23, Federal Rules of Civil Procedure on behalf of the following defined class:

> All persons who worked for Defendants in the State of Ohio and, during the three years preceding the filing of this action, who were not timely paid the appropriate overtime rate for work performed and/or had wages improperly deducted from their paychecks. ("Ohio Class").

55. Numerosity: Upon information and belief, the proposed Ohio Class is so numerous that joinder of all members is impracticable. The Ohio Class Representative is informed and

believes, and on that basis alleges, that during the applicable statutory period, Defendants employed over 25 people who satisfy the definition of the proposed Ohio Class.

56. Typicality: The Ohio Class Representative's claims are typical of the members of the Ohio Class. The Ohio Class worked hours similar to the Ohio Class Representative, and both the Ohio Class Representative and the Ohio Class were subject to Defendants' policies and practices of failing to pay appropriate overtime compensation and/or had wages unlawfully deducted from their paychecks.

57. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against the Defendants.

58. Adequacy: The Ohio Class Representative will fairly and adequately protect the interests of the Ohio Class and have retained counsel experienced in wage and hour class and collective action litigation.

59. Commonality: Common questions of law and fact exist to all members of the Ohio Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

i. Whether Defendants unlawfully failed to pay timely and appropriate overtime compensation to the Ohio Class Representative and the members of the Ohio Class, in violation of Ohio wage and hour laws;

ii. Whether Defendants improperly deducted wages from the Ohio Class Representative and the members of the Ohio Class, in violation of Ohio law for breakage, missing items, or discarded property;

iii. Whether Defendants' actions were willful; and

iv. The proper measure of damages sustained by the Ohio Class Representative and the Ohio Class.

60. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by individual members of the Ohio Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

61. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Ohio Class predominate over any questions only affecting individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Ohio Class the timely and appropriate overtime compensation to which they are entitled ad their full wages. The damages suffered by the individual Ohio Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

62. Plaintiff intends to send notice to all members of the Ohio Class to the extent required by Rule 23. The names and addresses of the members of the Ohio Class are available from Defendants.

## CAUSES OF ACTION

### Count I: Violation of the Fair Labor Standards Act
### Failure to Pay Overtime
### On behalf of Plaintiff and the FLSA Collective
### (As to All Defendants)

63. Plaintiff and the FLSA Collective incorporate by reference the allegations in the preceding paragraphs as if fully restated herein and further allege that Defendants violated the FLSA,

29 U.S.C. § 207(a) by failing and refusing to compensate Plaintiff and the FLSA collective at the required overtime premium.

64. 29 U.S.C. § 207(a) requires employers to pay each employee the federal overtime premium for hours worked in excess of 40 per week.

65. Defendants are "employers" within the meaning of the FLSA.

66. Plaintiff is an "employee" within the meaning of the FLSA.

67. Defendants have failed to remit the federal overtime premium to Plaintiff and the FLSA Collective for hours worked.

68. As a direct and proximate result of Defendants' unlawful action, Plaintiff and the FLSA Collective have suffered, and continue to suffer, economic harm in the form of lost wages, liquidated damages, attorneys' fees, and costs.

69. Defendant R Farm Market is liable to Plaintiff for those damages which the Madriver Farm Defendants cannot satisfy under the principles of successor liability articulated in the foregoing Paragraphs.

**Count II: Violation of ORC §4111.01, *et seq.***
**Failure to Pay Overtime**
**On behalf of Plaintiff and the Ohio Collective**
**(As to All Defendants)**

70. Plaintiff and the Ohio Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

71. Ohio Rev. Code §4111.03, requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per week.

72. Defendants suffered and permitted Plaintiff and the Ohio Collective to work more than 40 hours in a workweek without paying the full overtime compensation owed to said employees.

73. Defendants violated Ohio's overtime wage requirement by regularly and repeatedly failing to compensate Plaintiff and the Ohio Collective at the required overtime rate.

74. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Ohio Collective have suffered a loss of income.

75. The foregoing conduct, as alleged, constitutes a willful violation of Ohio law. Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

76. Defendant R Farm Market is liable to Plaintiff for those damages which the Madriver Farm Defendants cannot satisfy under the principles of successor liability articulated in the foregoing Paragraphs.

**Count III: Violation of ORC §4113.15**
**Untimely Payment of Wages**
**On behalf of Plaintiff and the Ohio Class**
**(As to Defendant Madriver Farm Market LLC and R Farm Market LLC)**

77. Plaintiff and the Ohio Class restate and incorporate by reference the above paragraphs as if fully set forth herein, and further allege that Defendants Madriver Farm Market LLC and R Farm Market LLC violated Ohio Rev. Code § 4113.15(B), the Ohio Prompt Pay Act ("OPPA"), by failing and refusing to compensate Plaintiffs and the Ohio Class in a timely fashion and/or in full for their full amount of wages owed.

78. OPPA mandates employees be paid in a timely fashion and provides penalties for an employer's failure to provide prompt payment.

79. Defendant Madriver Farm Market LLC has failed and refused to fully compensate Plaintiff for the work she performed for Defendant Madriver Farm Market LLC.

80. As a direct and proximate result of Defendant Madriver Farm Market LLC and R Farm Market LLC's unlawful action, Plaintiff and the Ohio Class have suffered, and continue to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

81. Defendant R Farm Market is liable to Plaintiff for those damages which the Madriver Farm Defendants cannot satisfy under the principles of successor liability articulated in the foregoing Paragraphs.

**Count IV: Violation of ORC §4113.19**
**Unlawful Withholding for Breakage**
**On behalf of Plaintiff and the Ohio Class**
**(As to Defendant Madriver Farm Market LLC and R Farm Market LLC)**

82. Plaintiff and the Ohio Class restate and incorporate by reference the above paragraphs as if fully set forth herein and further allege that Defendants Madriver Farm Market LLC and R Farm Market LLC violated Ohio Rev. Code § 4113.19 by deducting or retaining employee wages for wares, tools, or machinery that was supposedly destroyed or damaged.

83. Defendants maintained a policy and practice of deducting money from employees' wages when items were broken, went missing, or were discarded.

84. Defendant Madriver Farm Market LLC deducted these amounts from Plaintiff's pay, and from the pay of other similarly situated employees, without their knowledge or consent.

85. Plaintiff and other employees did not authorize these deductions in writing, nor were the deductions otherwise lawful under Ohio law.

86. As a direct and proximate result of Defendant Madriver Farm Market LLC and R Farm Market LLC's unlawful action, Plaintiff and the Ohio Class have suffered, and continue to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

87. Defendant R Farm Market is liable to Plaintiff for those damages which the Madriver Farm Defendants cannot satisfy under the principles of successor liability articulated in the foregoing Paragraphs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself and those similarly situated, hereby demand judgment against Defendants as follows:

A. Designation of this litigation as a collective action on behalf of Plaintiffs and the FLSA Collective, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. Designation of this action as a collective action on behalf of Plaintiffs and the Ohio Collective, and prompt issuance of notice pursuant to Ohio law to the Ohio Collective apprising them of the pendency of this action, and permitting them to assert timely Ohio claims in this action by filing individual consent forms;

C. Designation of this action as a class action on behalf of Plaintiffs and the Ohio Class, and prompt issuance of notice pursuant to Rule 23, Federal Rules of Civil Procedure to the Ohio Class apprising them of the pendency of this action, and permitting them to assert timely opt-outs to this action by filing individual forms.

D. Judgment that Plaintiffs and those similarly situated are entitled to protection under the FLSA and Ohio law;

E. Judgment against Defendants for violation of the overtime provisions of the FLSA and Ohio law;

F. That Defendant R Farm Market, LLC be determined to be liable as a successor for the acts, violations, and omissions of Madriver Farm Market, LLC.

G. Judgment that the Defendants' violations of the FLSA and Ohio law were willful;

H. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, and liquidated damages under federal and state law;

I. An award of post-judgment interest;

J. An award of reasonable attorneys' fees and costs;

K. Leave to add additional Plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

L. For other and further relief, in equity, as this Court may deem appropriate.

Respectfully Submitted,

*/s/ Matthew S. Okiishi*
Matthew S. Okiishi (0096706)
Samantha B. Isaacs (1045090)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6650
(513) 943-6669-fax
matt@finneylawfirm.com
samantha@finneylawfirm.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of August 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Matthew S. Okiishi*
Matthew S. Okiishi (0096706)